IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WILLIAM J. WEBB, JR., :
:
    Petitioner, :
:
v. : Civil Action No. 24-886-CFC
:
BRIAN EMIG, Warden, and :
ATTORNEY GENERAL OF THE :
STATE OF DELAWARE, :
:
    Respondents. :
_____ :

## MEMORANDUM

### I. BACKGROUND

In 2022, a Delaware Superior Court jury convicted Petitioner of one count each of stalking, act of intimidation, and criminal contempt, and 47 counts of breach of conditions of bond. *See Webb v. State*, 320 A.3d 239 (Table), 2024 WL 3356967, at *1 (Del. July 10, 2024); (D.I. 8-1 at 30). The Superior Court sentenced Petitioner as a habitual offender to 25 years at Level V incarceration. *See Webb*, 2024 WL 3356967, at *2. The Delaware Supreme Court affirmed Petitioner's convictions and sentence on July 10, 2024, and denied his motion for rehearing on July 29, 2024. *See id.* at *3; *Webb v. State*, No. 467, 2022 (Del. July 29, 2024); (D.I. 8-1 at 16, 65)

On July 24, 2024, Petitioner filed in a closed habeas case a motion to reinstate a habeas petition that had been dismissed without prejudice. The Honorable Richard G. Andrews denied motion to reinstate, but liberally construed the motion to be a habeas

petition filed pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 1; D.I. 2) As a result, the instant habeas case was opened.

On August 5, 2024, Petitioner filed a "Motion to Stay and Abey" this proceeding, explaining that he intended to fully exhaust state remedies by filing a state habeas petition in the Delaware Superior Court. (D.I. 3 at 2) The Superior Court denied the habeas petition, Petitioner appealed, and the Delaware Supreme Court dismissed Petitioner's appeal as untimely on October 29, 2024. (D.I. 4-1); *see Webb v. Emig*, C.A. N24M-08-098, Order (Del. Oct. 29, 2024).

On October 15, 2024, Petitioner filed in this Court a Motion for Authentication of State Court Records (D.I. 6), followed by a Motion for Release on Unsecured Bond (D.I. 7). On October 30, 2024, Petitioner filed an Amended Motion to Stay Proceedings (D.I. 8), asking the Court to stay the instant proceedings because: (1) he filed a petition for writ of certiorari in the United States Supreme Court on October 24, 2024; and (2) the Honorable Jan Jurden of the Delaware Superior Court still has not ruled on his "certificate of reasonable doubt." (D.I. 8)

## II.   GOVERNING LEGAL PRINCIPLES

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244, applies to the pending Petition. AEDPA imposes a one-year period of limitations on the filing of habeas petitions and effectively precludes petitioners from filing a second or subsequent habeas application except in the most unusual of circumstances. See 28 U.S.C. § 2244(b); 28 U.S.C. § 2244(d)(1); *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999); *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000).

Consequently, a petitioner challenging the legality of his detention pursuant to the judgment of a state court must include in one § 2254 petition all the arguments he has to collaterally attack the state court judgment.

A petitioner must exhaust state remedies before filing a petition for habeas relief in a federal court. See 28 U.S.C. §§ 2254(b) and (c). A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the habeas claims to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider the claims on the merits. See 28 U.S.C. § 2254(b)(1)(A); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). A petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

A district court has four options when presented with a habeas petition containing both exhausted and unexhausted claims (a "mixed petition"): (1) dismiss the petition without prejudice if the federal habeas limitations period will not clearly foreclose a future collateral attack; (2) stay the petition pending the outcome of state proceedings if the federal habeas limitations period will unreasonably impair the petitioner's right to obtain federal habeas relief; (3) allow the petitioner to delete all unexhausted claims and proceed on the remainder; or (4) if the unexhausted claims are meritless, deny them under § 2254(b)(2). See *McLaughlin v. Shannon*, 454 F. App'x 83, 86 (3d Cir. 2011). A court may stay a timely filed mixed petition where: (1) good cause exists for the

3

petitioner's failure to exhaust his claims in state court; (2) the unexhausted claims are not plainly meritless; and (3) there is an absence of any indication that the petitioner engaged in potentially dilatory tactics. *See Rhines v. Weber*, 544 U.S. 269, 270, 277-78 (2005). Good cause typically requires a showing that exhaustion will likely result in the petition being time-barred by the one-year limitations period in 28 U.S.C. § 2244. *See Gerber v. Varano*, 512 F. App'x 131, 135 (3d Cir. 2013) ("[T]he time remaining on the one-year clock to file a federal habeas petition could reasonably be a component in the 'good cause' determination from *Rhines*."); *Heleva v. Brooks*, 581 F.3d 187, 190-92 (3d Cir. 2009).

## III. DISCUSSION

The instant Petition appears to assert the following Claims: (1) Petitioner was deprived of his Sixth Amendment right to representation by conflict-free counsel during his Delaware state criminal proceeding (D.I. 2 at 1-2); (2) the judge presiding over Petitioner's criminal trial committed various errors that violated his constitutional rights, including failing to require the State to provide *Brady* materials and failing to follow the procedures applicable to grand jury proceedings (D.I. 2 at 1-3; D.I. 3-1 at 19-21); (3) the trial judge failed to recuse himself (D.I. 3-1 at 19); and (4) appellate counsel provided ineffective assistance by not presenting meritorious claims on direct appeal (D.I. 2 at 2). Petitioner's filings reveal that: (1) Claim One is exhausted, because Petitioner presented the Claim to the Delaware Supreme Court on direct appeal;[1] (2) Claims Two and Three

---

[1] Claim One is exhausted even though Petitioner has included it in his petition for writ of certiorari that is pending before the United States Supreme Court. *See Lawrence v. Florida*, 549 U.S. 327, 333 (2007) ("[S]tate prisoners need not petition for certiorari to

4

are procedurally defaulted and, therefore, deemed to be technically exhausted;[2] and (3) Claim Four is unexhausted but still capable of exhaustion because Petitioner can present the Claim in a motion for post-conviction relief under Delaware Superior Court Criminal Rule 61.[3] Given these circumstances, the Court concludes that the instant Petition is an impermissible mixed Petition containing both exhausted and unexhausted claims still capable of being exhausted.

Petitioner's filings further demonstrate that AEDPA's limitations period has not begun to run. Petitioner filed a petition for writ of certiorari with the United States Supreme Court within 90-days of his conviction becoming final, and that petition is still

---

exhaust state remedies. State remedies are exhausted at the end of state-court review.").

[2] Petitioner presented Claims Two and Three in his state habeas petition and in his appeal of the denial of that petition. (D.I. 3-3) Under Delaware law, the writ of habeas corpus "provides relief on a very limited basis" "to obtain judicial review of the jurisdiction of the court ordering the commitment." Hall v. Carr, 692 A.2d 888, 891 (Del. 1997).

If a state habeas petition was the proper procedural vehicle for raising Claims Two and Three, the fact that the Delaware Supreme Court dismissed Petitioner's habeas appeal as untimely under Delaware Supreme Court Rule 6 means that the Claims are procedurally defaulted. See Yost v. Williams, 572 F.Supp.2d 491, 497 (D. Del. 2008). If a state habeas petition was not a proper procedural vehicle for raising these Claims, Claims Two and Three are procedurally defaulted due to Petitioner's failure to raise the issues on during trial or on direct appeal. See Del. Super. Ct. Rule 61(i)(3). Procedurally defaulted claims are deemed technically exhausted, and a petition that contains exhausted and procedurally defaulted claims is not a mixed petition. See Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).

[3] In Delaware, an ineffective assistance of counsel claim must first be raised in a post-conviction motion pursuant to Delaware Superior Court Criminal Rule 61. See Kendall v. Att'y Gen., 2002 WL 531221, at *4 n.2 (D. Del. Mar. 26, 2002).

pending.[4] In addition, if Petitioner presents the ineffective assistance of counsel argument in Claim Four to the Superior Court in a timely Rule 61 motion, AEDPA's limitations will be statutorily tolled during the Rule 61 motion's pendency until its final disposition. Given these circumstances, dismissing the Petition without prejudice will not jeopardize the timeliness of a future habeas petition. Therefore, the Court will deny Petitioner's Motions to Stay the instant proceeding.

Having determined that a stay is not warranted, the Court will provide Petitioner with an opportunity to choose between the following two options: (1) delete his unexhausted Claim and proceed only with exhausted Claims One, Two, and Three;[5] or (2) have the Court dismiss the entire Petition without prejudice in order to enable him to re-file the Petition once he has fully exhausted state remedies.[6] If Petitioner does not inform the Court on how he wishes to proceed, the Court will summarily dismiss the mixed Petition without prejudice.

## IV.   PENDING MOTIONS

Petitioner has filed a "Motion for Authentication of Records in State Courts," alleging that his due process rights were violated because the state court docket

---

[4] Petitioner's judgment of conviction became final on July 29, 2024, the day the Delaware Supreme Court denied his petition for rehearing en banc. Petitioner filed his petition for writ of certiorari in the Supreme Court 86 days later, on October 24, 2024.

[5] The Court reminds Petitioner that AEDPA effectively precludes petitioners from filing a second or subsequent habeas application except in the most unusual of circumstances. See supra at Section II.

[6] If Petitioner chooses this option, he must pay attention to the one-year statute of limitations applicable to federal habeas petitions in order to avoid any future re-filing of his petition from being time-barred under 28 U.S.C. § 2244(d).

contains "inaccuracies." (D.I. 6 at 1) The Court will dismiss this Motion without prejudice because it is premature. Even if Petitioner opts to continue with the Petition without the unexhausted Claims, the State will be required to provide Petitioner's official state court record when it responds to the Petition. At that juncture Petitioner can, if he so chooses, raise a question about the authenticity of the records.

Petitioner has also filed a Motion for Release on Unsecured Bond. (D.I. 7) Petitioner asks the Court to release him on bail pending the outcome of his habeas proceeding for the following reasons: (1) his legal mail has been seized; (2) it is likely he will obtain federal habeas relief; (3) the Superior Court never ruled on his motion for bail reduction; (4) appellate counsel provided ineffective assistance during his direct appeal by raising only one claim for relief; (5) he has been denied adequate mental health care as well as prescribed medications since 2000; (6) he needs to be released so that he can receive adequate mental health care at his previous health care provider; (7) he is not a flight risk; and (8) he can stay with family members. (D.I. 7 at 1-2)

Federal courts in the Third Circuit have the authority to release state prisoners on bail pending habeas review when the "petitioner has raised substantial constitutional claims upon which he has a high probability of success" and "extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992). Cases presenting extraordinary circumstances warranting bail typically involve the prisoner's severe health problems or "the impending completion of the prisoner's sentence." *Id.*

7

The Court concludes that Petitioner has failed to meet the difficult standard for bail pending habeas litigation. Petitioner's succinct statement that his federal habeas claims will succeed on their merits does not demonstrate that his constitutional claims have a high probability of success. Petitioner's unsupported statements about his medical issues do not demonstrate exceptional circumstances warranting release on bail. And finally, Petitioner is not facing the impending completion of his 25-year sentence. Accordingly, the Court will deny Petitioner's Motion for Release on Unsecured Bond.

## V.   CONCLUSION

For the reasons discussed, the Court will deny Petitioner's Motions to Stay and his Motion for Release on Unsecured Bond and will dismiss without prejudice his Motion to Authenticate the State Court Records. Petitioner shall inform the Court if he wishes to: (1) delete the unexhausted ineffective assistance of counsel Claim from the instant impermissible mixed Petition and proceed only with the exhausted Claims; or (2) have the entire Petition dismissed without prejudice so that he can re-file a petition once he has exhausted state remedies. If Petitioner fails to inform the Court how he wishes to proceed, the Court will summarily dismiss the Petition without prejudice to allow Petitioner an opportunity to exhaust state remedies. An order consistent with this Memorandum will be entered.

Dated: November 5, 2024

_____
Colm F. Connolly
Chief Judge